IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE PEARSON,

        Plaintiff,

vs.                              Case No. 17-4031-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On September 8, 2016, administrative law judge (ALJ) Timothy G. Stueve issued his decision (R. at 11-24). Plaintiff alleges that she has been disabled since January 1, 2008 (R. at 11). Plaintiff is insured for disability insurance benefits

through December 31, 2015 (R. at 13).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity from her alleged onset date through the date last insured (R. at 13).  At step two, the ALJ found that plaintiff has severe impairments (R. at 13).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14).  After determining plaintiff's RFC (R. at 15-16), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 21).  At step five, the ALJ found that plaintiff can perform jobs that exist in significant numbers in the national economy (R. at 22-23).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23-24).

**III.  Did the ALJ err by ignoring evidence of plaintiff's edema?**

In her brief, plaintiff points out diagnoses of edema[1] from November 2014 through May 2015 (R. at 537, 563, 597, 649, 650, 644, 643, 642, 662).  Plaintiff testified on August 3, 2016 that she would elevate her legs because of the swelling (R. at 49).  A medical record from April 28, 2015 diagnosed edema and stated that plaintiff should continue to keep feet elevated when seated (R. at 642-643).  Plaintiff alleges that the ALJ erred by ignoring the evidence of plaintiff's edema.

---

[1] Edema (which is noticed more is a person's hands, arms, feet, ankles, and legs) is swelling caused by excess fluid trapped in your body's tissues.  https://www.mayoclinic.org/diseases-conditions/edema/symptoms-causes/syc-20366493 (Dec. 3, 20).

5

In his decision, the ALJ acknowledged plaintiff's testimony that plaintiff experienced lower extremity swelling that required her to elevate her legs (R. at 16). Later, in his decision, the ALJ cited to the opinion of Dr. Sankoorikal that plaintiff did not need to elevate her legs with prolonged sitting or standing (R. at 19, 632). The ALJ gave significant weight to this opinion because Dr. Sankoorikal did not find the presence of any edema that would support the need for elevation throughout the day (R. at 19). On April 3, 2015, the treatment notes of Dr. Sankoorikal stated that plaintiff had "no edema" (R. at 620). Treatment notes from May 12, 2015 also indicate "no edema" (R. at 663).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the

agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The court finds no clear error by the ALJ in his consideration of plaintiff's edema. He noted her testimony, and the opinion of Dr. Sankoorikal that plaintiff did not need to elevate her legs with prolonged sitting or standing (R. at 19, 632). As the ALJ indicated, the treatment notes of Dr. Sankoorikal from April 3, 2015 indicate no edema; a similar finding was made by Dr. Sindler on May 12, 2015 (R. at 620, 663). Furthermore, the ALJ gave partial weight to the opinions of the state agency consultants, who had before them medical records of plaintiff's edema (R. at 68). Plaintiff fails to point to any medical opinion evidence that plaintiff's edema would result in additional limitations not set forth in the ALJ's RFC findings. The court will not reweigh the evidence. On the facts of this case, the court finds no clear error in the ALJ's consideration of plaintiff's edema.

**IV. Is the ALJ decision invalid because the ALJ was appointed in violation of the Appointments Clause?**

On June 21, 2018, the U.S. Supreme Court issued its opinion in Lucia v. S.E.C., 138 S. Ct. 2044, 2049-2055 (2018), holding that ALJs of the Securities and Exchange Commission (SEC) are

officers under the Appointments Clause, and can only be appointed by the President, a court of law, or a head of a department. The ALJ in this case had been appointed by SEC staff members; therefore the ALJ was not appointed by one of those designated in the Appointments Clause. 138 S. Ct. at 2051. The court found that since Lucia made a timely challenge to the constitutional validity of the appointment of the ALJ, the case was remanded in order for the case to be heard by a properly appointed ALJ. 138 S. Ct. at 2055.

Plaintiff argues that the appointment of Social Security ALJs are also subject to the Appointments Clause, and asserts that the Social Security ALJs were not appointed by one of those designated in the Appointments Clause. Therefore, the decision is void.

Following the Supreme Court decision in Lucia, this court asked the parties for additional briefing about the impact of Lucia in this case (Doc. 15). Defendant, in her response, does not dispute the application of the Appointments Clause to Social Security ALJs, nor does she argue that the Social Security ALJs were appointed pursuant to the Appointments Clause. This court notes that on July 23, 2018, the Solicitor General released a memorandum acknowledging that the Department of Justice understands the Court's reasoning to encompass all ALJs in traditional and independent agencies who preside over

adversarial administrative proceedings and possess the adjudicative powers highlighted in Lucia.  Therefore, going forward, ALJs must be appointed or have their prior appointment ratified in a manner consistent with the Appointments Clause. Page v. Commissioner of Social Security, 2018 WL 5668850 at *1 (E.D. Mich. Oct. 31, 2018).  Defendant's only argument is that plaintiff has waived his right to raise this issue because plaintiff failed to raise it in a timely manner before the ALJ or the Social Security Administration (Doc. 18).  Plaintiff concedes that she did not raise this issue until filing her brief with this court on July 8, 2017 (Doc. 10, 24).

    In Lucia, the court held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."  138 S. Ct. at 2055.  In that case, Lucia contested the validity of the ALJs appointment before the Commission, and continued to press the claim in the courts.  Id.  The question is therefore what constitutes a timely challenge.

    Courts generally expect parties to raise constitutional challenges under the Appointments Clause at the administrative level, and hold them responsible for failing to do so.  Jones Brothers, Inc. v. Secretary of Labor, 898 F.3d 669, 677 (6th Cir. 2018).  Parties may not wait until they are in court to raise a statutory defect in the appointment of the official who issued

9

the agency's initial decision.  United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38 (1952).  A party is required to exhaust his constitutional claim before the administrative agency before seeking review in federal court.  Elgin v. Dep't of Treasury, 567 U.S. 1, 23 (2012).  It is well established that a party generally may not challenge an agency decision on a basis that was not presented to the agency.  Therefore, a challenge under the Appointments Clause which was first raised in federal court was deemed waived.  In re DBC, 545 F.3d 1373, 1377, 1378-1381 (Fed. Cir. 2008).  Requiring exhaustion of such claims allows agencies to take into account the specific facts of each matter, and to change course if appropriate.  Gilmore v. Weatherford, 694 F.3d 1160, 1169 (10th Cir. 2012); Kon v. United States Securities and Exchange Commission, Case No. 17-3066 (10th Cir. Mar. 31, 2017).

As of this date, courts that have considered this issue have unanimously rejected attacks on the validity of the ALJ's appointment under Lucia if claimant failed to make a constitutional challenge at the administrative level before the ALJ or the Appeals Council.  Kabani & Company, Inc. v. U.S. Securities & Exchange Commission, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); Faulkner v. Commissioner of Social Security, 2018 WL 6059403 at *2-3 (W.D. Tenn. Nov. 19, 2018); Page v. Commissioner of Social Security, 2018 WL 5668850 at *2-3

(E.D. Mich. Oct. 31, 2018); Salmeron v. Berryhill, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); Garrison v. Berryhill, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); Davidson v. Commissioner of Social Security, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); Stearns v. Berryhill, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); Davis v. Commissioner of Social Security, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018.

Plaintiff relies on the case of Sims v. Apfel, 530 U.S. 103, 112 (2000), which held that claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues. However, in that decision, the court expressly stated that whether a claimant must exhaust issues before the ALJ "is not before us." 530 U.S. at 107.[2] In deciding Sims, the court noted that the form to be filled out seeking review by the Appeals Council does not depend much, if at all, on claimants to identify issues for review (the form only provides three lines for the request for review). The court further stated that the Appeals Council, not the claimant, has primary responsibility for identifying and developing the

---

[2] Plaintiff's brief also notes that raising constitutional issues before the agency is difficult when some claimants are represented by non-attorney representatives, or are not represented at all (Doc. 24 at 2). However, in this case, plaintiff was represented at his hearing before the ALJ by an attorney (R. at 34). Furthermore, in Sims, the dissenting opinion pointed out that the Social Security Administration stated in its brief that it does not apply its waiver rule where the claimant is not represented. 530 U.S. at 119.

11

issues. The court concluded that claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues. 530 U.S. at 112.[3]

The key in deciding this issue is in the language of the Lucia decision. In that case, the court held that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief. The court stated that Lucia made such a timely challenge because he contested the validity of Judge Elliot's appointment before the Commission, and continued pressing that claim in the federal courts. 138 S. Ct. at 2055. Unlike the case in Lucia, plaintiff in the case before the court never raised the Appointments Clause issue before the agency. Furthermore, in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 15 (2000), the court reiterated that 42 U.S.C. § 405(g) contains the nonwaivable and nonexcusable requirement that an individual present a claim to the agency before raising it in the court. Consistent with the U.S. Supreme Court rulings in Shalala and Sims, other courts that have addressed this issue have held that Sims is not applicable when the claimant has failed to raise his claim before the ALJ or the Appeals Council. Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017); Stearns

---

[3] Part II-B of the Sims opinion, cited here, is a plurality opinion of 4 justices. Justice O'Connor concurred in part and concurred in the judgment, but did not join Part II-B of the opinion. 530 U.S. at 113.

v. Berryhill, 2018 WL 4380984 at *4-5 (N.D. Iowa, Sept. 14, 2018)(Strand, C.J.); Davis v. Commissioner of Social Security, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018)(Reade, J.). In light of the fact that plaintiff never raised this issue before the Social Security Administration, the court finds that plaintiff did not make a timely challenge to the constitutional validity of the appointment of the ALJ.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed.

Dated this 7th day of December 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge